UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRESHIA DANTE SUMMERS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MALCOLM J. HOWARD,<br><br>　　　　Respondent. | No.  2:21-cv-0241 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and paid the filing fee.

The petition alleges that petitioner's sentence arising from his conviction in the United States District Court for the Eastern District of North Carolina exceeds the statutory maximum. Petitioner is currently incarcerated in the United States Penitentiary, Atwater, located in Merced County, which is part of the Fresno Division of the United States District Court for the Eastern District of California.  See L.R. 120(d).

"As a general rule, '§ 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention.'" Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008) (quoting Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000)).

> By the terms of section 2255, a prisoner authorized to apply for section 2255 relief may not bring a section 2241 petition for a writ of habeas corpus "if it appears that the applicant has failed to apply

1
2
    for relief, by motion, to the court which sentenced him, or that such court has denied him relief."

3 Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) (quoting 28 U.S.C. § 2255).  "Under the
4 savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant
5 to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or
6 ineffective to test the legality of his detention.'"  Hernandez v. Campbell, 204 F.3d 861, 864-65
7 (9th Cir. 2000) (quoting 28 U.S.C. § 2255).  "[A] § 2241 petition is available under the 'escape
8 hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an
9 'unobstructed procedural shot' at presenting that claim."  Stephens v. Herrera, 464 F.3d 895, 898
10 (9th Cir. 2006) (citations omitted).

11
12
13
14
    An inquiry into whether a § 2241 petition is proper . . . is critical to the determination of district court jurisdiction, because the proper district for filing a habeas petition depends upon whether the petition is filed pursuant to § 2241 or § 2255.  In particular, a habeas petition filed pursuant to § 2241 must be heard in the custodial court . . . , even if the § 2241 petition contests the legality of a sentence by falling under the savings clause.

15 Hernandez, 204 F.3d at 865.

16   If the petition is properly brought as a § 2241 petition, then this action should be
17 transferred to the Fresno Division of this court.  See L.R. 120(f) (the court may, upon its own
18 motion, transfer an action to the proper venue within the District).  However, though petitioner
19 alleges that § 2255 is inadequate or ineffective, ECF No. 1 at 4, he does not qualify for the narrow
20 escape hatch exception because he is alleging only that his sentence was miscalculated, not that
21 he is actually innocent, id. at 4-11.  Accordingly, he may not challenge his sentence through a §
22 2241 petition.

23   Petitioner can only challenge his sentence through a § 2255 motion, which must be
24 brought in the court which imposed the sentence, namely the Eastern District of North Carolina.
25 Although this court may transfer this action "to any other district where it might have been
26 brought," 28 U.S.C. § 1404(a), the petition indicates that petitioner has already pursued a § 2255
27 motion, ECF No. 1 at 2, and there is no indication that he has received authorization from the
28 Fourth Circuit to pursue a second or successive § 2255 motion.  The court therefore declines to

construe the instant petition as a § 2255 motion and transfer it to the United States District Court for the Eastern District of North Carolina.  Instead, the petition should be dismissed for lack of jurisdiction.  See 28 U.S.C. § 2255(a).

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the petition be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 11, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE